DECISION AND JUDGMENT ENTRY
{¶ 1} Paul E. Robinson appeals the Gallipolis Municipal Court's judgment finding him guilty of the misdemeanor assault of Scott Yielder. Robinson contends that the trial court committed "prejudicial error" in finding him guilty. We read this assignment of error as arguing that his conviction is against the sufficiency and weight of the evidence. Sufficient evidence supports Robinson's conviction since, viewed in the light most favorable to the prosecution, the evidence could have convinced a reasonable juror that the essential elements of assault were met beyond a reasonable doubt. Moreover, the weight of the evidence supports Robinson's conviction since we cannot say that the trial court "clearly lost its way and created a manifest miscarriage of justice."
 {¶ 2} The record reveals that Robinson was living in a mobile home with Billy Jo Christy (his girlfriend), Mary Jean Christy (Billy Jo's mother) and Scott Yielder (Mary's boyfriend). Mary owned the mobile home. In late December 2001, Robinson had an argument with Billy Jo, which resulted in Mary telling Robinson to leave. Robinson put some of his belongings into garbage bags and left. The state contends that Yielder, at Mary's request, attempted to give Robinson a ride. But Robinson refused and began walking toward the road. Yielder followed Robinson for a short time and made one last attempt to persuade him to accept a ride but he still refused. Yielder then turned around to go back to the trailer. Meanwhile, Robinson, Billy Jo and Mary exchanged obscenities. As Yielder walked back to the trailer, Robinson ran toward him while shouting, "I've always wanted a piece of you" and attacked him from behind. Yielder attempted to restrain Robinson and received minor injuries in the process. Nevertheless, Yielder was able to restrain Robinson until the police arrived. Robinson denies that he attacked Yielder and insists that Yielder grabbed him and carried him back to the trailer. After Deputy Sheriff Charles Mann arrived at the scene and investigated the incident, he arrested Robinson for assault. His conviction followed.
 {¶ 3} Robinson assigns the following error for our review:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FINDING APPELLANT GUILTY OF ASSAULT UNDER OHIO REVISED CODE SECTION 2903.13.
 {¶ 4} We construe Robinson's argument as alleging that his conviction is against both the sufficiency and weight of the evidence. Regardless, we find no merit in either proposition.
 {¶ 5} Our function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, could convince the average mind of the defendant's guilt beyond a reasonable doubt. Statev. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. We must inquire whether the evidence, if viewed in the light most favorable to the prosecution, could convince any rational trier of fact that the essential elements of the crime were proven beyond a reasonable doubt. Id. citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 6} The Gallipolis Municipal Court convicted Robinson of assault under R.C. 2903.13(A). R.C. 2903.13(A) states, "[n]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." R.C. 2901.01(A)(3) defines "physical harm to others" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.22(B) states, "[a] person, acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." The trier of facts may properly infer a defendant's mental state from the surrounding circumstances. State v.Logan (1979), 60 Ohio St.2d 126, 131, 397 N.E.2d 1345. Moreover, the Ohio Supreme Court has stated that to act "knowingly, a person need not act with deliberate intent." State v. Wenger (1979), 58 Ohio St.2d 336, 339,390 N.E.2d 801, n. 3.
 {¶ 7} Mary Christy and Scott Yielder testified that this incident occurred after Yielder offered Robinson a ride home and Robinson refused. Their testimony was consistent and provided that after Robinson refused Yielder's offer, Yielder turned his back to Robinson and began to walk toward the trailer. Robinson then began to run toward Yielder while yelling, "I've always wanted a piece of you." Then, Robinson began attacking Yielder. Moreover, both testified that Yielder wrestled Robinson to the ground and physically restrained him until the police arrived. When asked about his injuries, Yielder stated "my chin was red and I just got the boot mark from the, you know, from where he kicked me in the chest."
 {¶ 8} Robinson testified that he refused Yielder's offer for a ride and began walking down the road when Yielder picked him up, carried him back to the trailer, threw him on the ground and held him there until the police arrived. Robinson does admit that he exchanged obscenities with Billie Jo and Mary but denies ever attacking Yielder.
 {¶ 9} Even though Robinson's testimony clearly contradicts that offered by the state's witnesses, it is clear that viewed in the light most favorable to the prosecution, a rational juror could have found that Robinson was the aggressor, he knowingly struck Yielder and he caused injury, however minor, to Yielder. Therefore, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 {¶ 10} Next, we address the weight of the evidence. The legal concepts of sufficiency and weight of the evidence are different. Statev. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. Therefore, even though we have already addressed the sufficiency of the evidence, it is still necessary to address the weight of the evidence. See State v. Robinson (1955), 162 Ohio St. 486, 487,124 N.E.2d 148. Our function when reviewing the weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict. Thompkins, 78 Ohio St.3d at 387. In order to undertake this review, we must sit as a "thirteenth juror" and review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether the court clearly lost its way and created a manifest miscarriage of justice. Id. quoting State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. If we find that the court clearly lost its way, we must reverse the conviction and order a new trial. Id. We will not reverse a conviction so long as the state presented substantial evidence for a reasonable trier of fact to conclude that all of the essential elements of the offense were established beyond a reasonable doubt. State v. Getsy, 84 Ohio St.3d 180, 193-94,1998-Ohio-533, 702 N.E.2d 866. We are also mindful that credibility determinations are best left to the trier of facts. State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
 {¶ 11} After reviewing the evidence, we cannot say that the trial court clearly lost its way simply because it chose to give more credit to the state's witnesses. Substantial evidence supports Robinson's conviction even though his testimony directly contradicts the testimony offered by the state. Robinson's sole assignment of error is overruled.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Evans, J.: Concur in Judgment and Opinion.